BRENTON
v.
DAVIS.

Saturday,
January 9,
1847.

---

BRENTON v. DAVIS.

Case 2.
8b 317
137 189

If the manufacturer of an article sells it at a fair market price, knowing the purchaser designs to apply it to a particular purpose, he impliedly warrants it to be fit for that purpose, at least against all defects not open and visible to the purchaser on inspection.

ERROR to the *Marion* Circuit Court.

Saturday,
January 9,
1847.

DEWEY, J.—This was an action on the case for breach of warranty and deceit in the sale of a boat purchased by the plaintiff of the defendant. The first count of the declaration states a warranty by the defendant, that the boat "was a good merchantable boat, suitable for running with loading" on *White* river and the other rivers to a south-western market; that the boat in fact was not a good merchantable boat fit for that purpose; that the plaintiff loaded it with lumber and started on his voyage; and that the boat while floating on *White* river, properly manned, &c., filled with water and became wrecked; whereby the plaintiff lost the boat, was put to expense in unloading it, and the lumber was greatly damaged, &c. The second count alleges that the defendant fraudulently represented the boat to be well made, well calked, and well finished; that it was not well made, well calked, and well finished; and that the defendant knew it. Special damages as in the first count. There are other counts, but it is unnecessary to state them. Plea, not guilty. Verdict and judgment for the defendant.

There was evidence tending to prove that the defendant was the builder or manufacturer of the boat; that the boat

was purchased of him by the plaintiff, at a fair market price, for the purpose of transporting freight down *White* river and the other rivers to the lower market, which purpose the defendant knew; that at the time of the contract, the boat was lying in *White* river partly filled with water and leaves, so that it could not be perfectly inspected; and that the defendant represented it to be a good boat.

Several instructions were given to the jury, and several refused, from all which it may be gathered, that the Court gave in charge to the jury this principle: That unless the plaintiff had succeeded in proving an express warranty of the qualities of the boat by the defendant, or that the defendant had made representations of its qualities which he knew to be false, the plaintiff could not recover.

We think this charge was wrong. The warranty laid in the first count we conceive to be substantially this, that the boat was fit and suitable for transporting freight down *White* river and the other rivers to the lower market. The words "good" and "merchantable" have reference to the fitness of the boat for that purpose, and do not extend the warranty beyond it. We consider the law to be settled, that if a manufacturer of an article sells it at a fair market price, knowing the purchaser designs to apply it to a particular purpose, he impliedly warrants it to be fit for that purpose; and that if owing to some defect in the article not visible to the purchaser, it is unfit for the purpose for which it is sold and bought, the seller is liable on his implied warranty. *Jones* v. *Bright*, 5 Bingh. 533. See, also, *Gray* v. *Cox*, 4 B. & C. 108.—*Laing* v. *Fidgeon*, 6 Taunt. 108. We do not mean to say, however, that the implied warranty is confined to a sale by the manufacturer, or that the price affects the question. These points are not involved in this cause, and we do not decide them. If the defendant was the manufacturer of the boat in question, and sold it to the plaintiff at a fair price, for the purpose of transporting freight on *White* river and the other rivers to a market, he impliedly warranted it to be fit and suitable for that purpose, at least against all defects not open and visible to the plaintiff on inspection; and the jury should have been so instructed (1).

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*H.* and *H. Brown,* and *S. Yandes,* for the plaintiff.
*O. H. Smith,* for the defendant.

(1) See *Shepherd* v. *Pybus,* 3 Mann. & Grang. 868.