OF

# THE SUPREME COURT

OF THE

## STATE OF ILLINOIS,

### DECEMBER TERM, 1854, AT SPRINGFIELD.

NELSON B. BEERS, Plaintiff in Error, v. ELBRIDGE WILLIAMS, Defendant in Error.

ERROR TO CASS.

A plea which avers that a note was given for a steam boiler and fire-place, and the warranty thereof as to quality, and a breach of that warranty, by averring that they were valueless, shows a failure of consideration, and is a good plea.

A manufacturer who sells a steam boiler, impliedly warrants that it is made of sound material and good workmanship.

THIS case was heard before WALKER, Judge, at November term, 1853, of the Cass Circuit Court. The plea to which the demurrer in the Circuit Court was sustained, is set out at length in the opinion.

D. A. SMITH, for Plaintiff in Error.

W. A. and J. GRIMSHAW, for Defendant in Error.

CATON J. The declaration was upon a promissory note, to which the defendant filed the following pleas: "And the said defendant, by leave of the court, etc.; comes and defends, etc., and to the first count of the said declaration, says *actio non*, because they say, that the consideration for which the said note sued on was given, was a boiler and fire-place manufactured by the said plaintiff, and the warranty that the said boiler and fire-place were reasonably fit and proper for the purpose they were intended, and for no other consideration. And the defendant

avers that they were intended for driving the machinery of a grist and saw mill at Virginia, Cass County, Illinois, for which boiler and fire-place and the warranty thereof, the defendant paid three hundred dollars cash, and executed the note sued on for the balance; and the said defendant avers that said boiler and fire-place were not reasonably fit and proper for the place they were intended as aforesaid, but, on the contrary, they were unfit and improper in this, that they were unsound and defective; in consequence of which unsoundness and defectiveness, upon full and proper trial thereof by defendant, the said boiler and fire-place exploded, and they consequently failed to answer the purpose for which they were intended and warranted as aforesaid; wherefore, he says that the consideration of said note has wholly failed, etc." To this plea, a demurrer was filed, which was sustained by the court, and which decision is now assigned for error.

There can be no doubt that the plea shows a good defense to the note. It shows that the note was given for a steam boiler and fire-place, and the warranty thereof of a certain quality, and the breach of that warranty, and that they were valueless. Ii that be true, there is certainly a failure of the consideration or the note. The case was argued upon the supposition that the plea only shows an implied warranty arising from the circumstances of the transaction. But the plea positively avers a warranty in express terms; and whether that warranty was a part of the express contract of sale, or is but an implication arising out of the circumstances of the sale, could only be apparent from the proof upon the trial; for it would be as competent to prove one kind of warranty as the other under the plea. The plea shows that there was a warranty of some sort, and it makes no difference whether it was an express or an implied warranty, so long as the fact is admitted that there was a warranty. The question does not necessarily arise, as was supposed, whether the manufacturer of an article warrants it, by implication, to be fit for the particular purpose for which it was sold. But the plea does show circumstances from which the law will imply a particular warranty, though possibly not to the extent contended for upon the argument. It shows that the plaintiff manufactured and sold to the defendant a steam boiler, and that the boiler was defective and unsound; and that in consequence and by reason thereof, upon a fair trial, or, in other words, with proper usage, the boiler exploded. Now, we cannot entertain a doubt that the manufacturer who sells a steam boiler impliedly warrants that it is made of sound material and good workmanship. The warranty may not extend to any particular thickness of iron, for that is visible on inspection, nor that it will sustain any given

pressure; but every consideration of public policy and private justice demands the rule, that the manufacturer shall be answerable for the quality of the material used and for the integrity of the workmanship. The plea tells us that this boiler was not sound, and that by reason of its unsoundness, and with proper treatment, it exploded. We must hold, that here was an implied warranty that it was fit for a boiler and sound, and the plea shows a breach of that warranty; but beyond that, the plea shows an express warranty and a breach.

The judgment of the circuit court must be reversed and the cause remanded.

*Judgment reversed.*