| 48  | 75  |
| 162 | 353 |

## The Union Hide and Leather Company

### *v.*

### Charles Reissig *et al.*

1.  Warranty — *implied.* A owned two boilers, which had been left at the shop of R for repairs, but without any directions therefor. B, desiring to purchase them, was assured by R that they could be repaired, and was told in what manner, whereupon B bought them from A, B and R agreeing upon what repairs should be made, and A agreeing to pay for the same, and giving the order therefor. The repairs made proved worthless, and thereupon B ordered R to make additional repairs, which was done. *Held:* in an action by R, against A, for the price of the second repairs, it appearing that the material used by R, in making the first repairs, was worthless, that he could not recover, there being an implied warranty on R's part, that the material and workmanship were good.

2.  Same. The rule is well settled, that the manufacturer of an article for a specific purpose, impliedly warrants the quality of the material, and the goodness of the workmanship.

3.  Same — *of privity between the parties.* In such case, there was sufficient privity between these parties, to allow of such defense being made.

Appeal from the Superior Court of Chicago; the Hon. William A. Porter, Judge, presiding.

This was an action of assumpsit, brought by the appellees against the appellants, in the Superior Court of Chicago, to recover for the labor and materials alleged to have been

furnished in repairing certain boilers belonging to appellants. The further facts in the case are stated in the opinion.

Messrs. GOOKINS & ROBERTS, for the appellants.

Mr. GEORGE E. ADAMS, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The Northwestern Manufacturing Company owned two boilers which were out of repair, and lying at the shop of the appellees, but no directions had been given for their repair. The appellants, desiring to purchase them, were assured by the appellees that they could insert new plates, of the best quality of iron, in that part of the boilers over the fire, and thereby make them fit for appellants' use. The latter, thereupon, bought them of the Northwestern Manufacturing Company, the company agreeing to pay for the repairs, and giving the order to that effect. The mode of making the repairs was agreed upon between the appellants and appellees. The plates were inserted, and the boilers removed to the shop of appellants, where the new plates proved unserviceable, and additional repairs were made by appellees, at the request of appellants. For the price of these repairs this suit was brought.

The appellants defended, on the ground that the iron of the plates first inserted was unfit for the purpose for which it was designed, and that the appellees were under obligation to the appellants, to make good the defects. The court below thought otherwise, and gave judgment for the plaintiffs, a jury having been waived.

In our opinion, the evidence clearly shows the iron was worthless for the purpose for which it was used, and the rule is well settled, that he who manufactures an article for a specific purpose, warrants, at least, the quality of the material

and the goodness of the workmanship. *Beers* v. *Williams*, 16 Ill. 70. The decision of the judge who tried this cause was probably based upon the opinion, that there was not sufficient privity between these parties to authorize this defense to be made, and certainly the question is not free from difficulty or doubt. It is obvious, however, if this defense is permitted, circuity of action will be avoided, and the parties will be at once placed where they would finally be, if the plaintiffs were allowed to recover, and the defendants were then to sue the Northwestern Manufacturing Company and recover, and that company were to sue the present plaintiffs. But there would be difficulties attending this circuity of action. The Northwestern Manufacturing Company would defend a suit brought by these defendants, on the ground that they had not repaired the boilers, and had not warranted them, and were, therefore, not responsible, either for the iron or the workmanship, and, until a recovery had been had against them, they could evidently have none against these appellees. Substantial justice would thus be defeated, and the appellees be permitted to collect an inequitable claim. But we are of opinion there is here sufficient privity to allow this defense to be made, and thus attain substantial justice without violating the rules of law. The appellants were really not strangers to the original contract of repair. On the contrary, the repairs were made for their use, and they really paid for them, through the Northwestern Manufacturing Company. Instead of paying that company the value of the boilers, without the repairs, and paying for the repairs themselves, and directly, they have such repairs made as they desire, and have the cost paid by the company, and this cost is, of course, added to what would have been the price of the boilers without the repairs. It is much the same thing as if the appellants, desiring a set of boilers, had ordered them from the appellees under an arrangement that the Northwestern Manufacturing Company was to pay for them. If the defect in the iron had been

discovered, in this case, before the cost of the first repairs had been paid, the appellees could not have recovered such cost from either the Northwestern Manufacturing Company, or from the appellants, and they should not now be permitted to demand payment a second time, for merely doing what they should have done in the first instance. When the second repairs were made, it is not pretended that the appellants promised payment. The appellees were merely notified that the first work was defective, and requested to make it good. The majority of the court think the judgment should have been for the defendants.

*Judgment reversed.*