### Daniel Parker *et al.*

*v.*

### George Platt *et al.*

Contract — *services* — *care and skill required.* Where a person engages to work for another he impliedly undertakes that he has a reasonable amount of skill in the employment, and engages to use it and a reasonable

amount of care, and a failure to do so will prevent him from recovering the contract price, and limit him to what the work is reasonably worth, or the employer may recoup all the damage he may sustain for the want of reasonable skill and care in executing the work.

APPEAL from the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. BLADES & KAY, for the appellants.

Mr. M. B. WRIGHT, and Mr. B. F. SHANKLAND, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellants entered into an agreement with George Platt to bore them an artesian well, for which they were to pay nine dollars per day. He was to furnish two hands and the tools, and appellants the remainder of the help and to board the hands. The work was commenced, and when the well had been sunk one hundred and seventy feet the tools were broken, and after considerable effort to get them out the well was abandoned, leaving the auger and a part of the rods in the hole. It was claimed that appellants were partners, but that is denied by them. Payment was demanded, but resisted, because it was claimed not to be due, and that by the carelessness of the appellees the rods were broken and the tools left in the well, and that it thereby became useless to appellants. They offered to pay if appellees would remove the tools, or would sink another hole of the same depth, which appellees declined to do; but they offered to sink another well the same depth, and if water was not obtained, appellants should pay for both. This appellants declined, and thereupon this suit was brought, and appellees, on appeal by appellants, recovered in the circuit court a judgment for $52.13; from which this appeal is prosecuted.

Whether or not the time had expired for the payment of the money if appellants are liable, was a question for the jury.

On the question whether appellees observed reasonable care and proper skill, we think the evidence clearly shows they did not when the tools were broken. All persons impliedly undertake, when they engage to do work, that they have a reasonable amount of skill in the employment, and that they will use it, and also engage for a reasonable amount of care, and a failure in these respects prevents them from recovering the contract price, but only what the labor is reasonably worth. Or the employer may recoup all the damage he may sustain for want of reasonable skill, or for the want of or the observance of reasonable care in executing the work.

A skillful and experienced man in the business in that vicinity, testified that he had sunk forty wells in that section, and that he had broken but one set of tools; whilst appellees broke theirs twice in sinking this one but one hundred and seventy feet. He says, in hard-pan he only attempts to go five or six inches without drawing his auger; whilst here they were endeavoring to force it twelve inches, and it had penetrated about two and a half inches when the rods broke. Again he says, when he finds that the boring becomes hard he turns the auger back until it is loosened. This does not seem to have been done in this case. Again, one of the appellants, who was sitting by, observed the strain, and warned the appellee, who had charge of the work, of the danger of the rod breaking, not two minutes before the occurrence. This appellant was not skilled in the business, nor had he any experience in such business. But the amount of resistance and the force applied rendered the danger apparent to an unskilled person. And to this evidence appellees introduced no rebutting testimony.

To this point there seems to have been but slight attention given by parties in the court below, it rather being alluded to than presented prominently by the instructions. We are therefore of opinion that the case should be presented to another jury.

As to the question of partnership, the parties will no doubt be able to present evidence that will free that question from all reasonable doubt.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*