WILLIAM H. GRIMLEY

*v.*

PEARL DAVIDSON.

*Filed at Ottawa May 14, 1890.*

1. PARTY WALL—*contribution to the cost—when placed over the line.* Adjacent owners of property agreed that one of them in the erection of a building upon his premises might erect a party wall so that the center of it should rest upon the dividing line between the premises, and the other and adjacent owner to have the privilege of using the wall upon paying one-half its cost. In the erection of the building, what was in-

tended to be a party wall, resting equally upon the two adjacent properties, was in fact built entirely upon the land of the other proprietor: *Held*, that the latter would not, in making use of the wall, be liable to contribute to its cost, but might appropriate the whole of it to his own use.

2. CONSIDERATION—*for a new contract—payment of money for which one is not legally liable.* The payment of money under a contract, which a party is under no legal obligation to pay, will constitute a sufficient consideration to the other party for making undertakings different from the first contract. Such payment will be a consideration for a new contract changing the former in some respects.

3. CONTRACT—*inferences—in aid of construction.* It is seldom that all the purposes of the parties to a contract are so clearly expressed as to need no aid from inference. But when the express words fairly and legitimately require an inference as to the intention of the parties, the intention thus inferred is just as truly a part of the contract as that which is clearly expressed.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. THOMAS J. SUTHERLAND, for the appellant:

The adjustment and payment of the one-half cost of the party wall, already constructed by Grimley, was no new consideration to support any promise of Grimley in this paper. It was but the extinguishment of a liability created by the first contract. *Stuber* v. *Schack*, 83 Ill. 192; *Runnamaker* v. *Cordray*, 54 id. 304.

This instrument, therefore, of March 6, 1889, between Grimley and Mrs. Davidson, was without consideration, and void. It was not in any way binding on Grimley, as he alleged in his bill of complaint, and the paper itself shows. Rev. Stat. chap. 98, sec. 9; *Olney* v. *Howe*, 89 Ill. 560, and cases cited; *McLean* v. *McBean*, 74 id. 137.

The promises of Grimley in this paper were entirely gratuitous, and the agreement, so called, a *nudum pactum. Johnson* v. *Ackless*, Breese, 92.

If there was any consideration, it should have been fully set forth in the writing, for the contract can not be partly in writing and partly in parol.   Hare on Contracts, 22, 23.

The consideration must be a present and actuating motive, and the result of an agreement, and must be the condition on which the obligation of the promise depends, and it must be definite.   Hare on Contracts, 205, 212, 213, 216.

A consideration imports the parting with something of value, or the relinquishment of some substantial right.   *Longfellow* v. *Moore*, 102 Ill. 289 ; *Booth* v. *Wiley*, id. 101 ; *Drennan* v. *Douglas*, id. 343 ; *Bank* v. *Bates*, 120 U. S. 568 ; *University* v. *Scoonover*, 114 Ind. 386.

Messrs. WEIGLEY, BULKLEY & GRAY, for the appellee:

If a man erects a building or wall upon the land of another, without any contract, it becomes a part of the land, and he will have no right to remove it or get pay therefor.   *Dooley* v. *Crist*, 25 Ill. 566 ; 1 Hilliard on Real Prop. 5 ; *Mathes* v. *Dobschuetz*, 72 Ill. 441 ; *Finley* v. *Funk*, 35 Kan. 668.

A consideration for a contract may be shown by parol evidence.   *Tingley* v. *Cutler*, 7 Conn. 291 ; *Waterman* v. *Waterman*, 27 Fed. Rep. 827 ; *King* v. *Scammoden*, 3 T. R. 474 ; *Arms* v. *Ashley*, 4 Pick. 70 ; *Peacock* v. *Monk*, 1 Ves. 128 ; *Clark* v. *Deshen*, 12 Cush. 589.

Per CURIAM :   This case is fully stated in the following opinion by the Appellate Court.   We fully concur in the construction therein placed upon the contract between the parties, and in the conclusions of law thereupon.   We perceive no reason for adding anything to what is therein said.   The decree of the Appellate Court is therefore affirmed.

"GARNETT, J.   About March 1, 1888, Catharina Muhlke was the owner of lots 42 and 43 in Uhlich & Muhlke's addition to Chicago, and at that time she sold lot 43 to appellant.   On

March 15, 1888, an agreement for a party wall between the two lots was made by appellant and said Muhlke, by which he was permitted to make the west twenty-six feet and four inches of the south wall of the house he proposed to erect, a party wall, to rest equally on lots 42 and 43, and it was to remain a party wall forever. The agreement provided that Mrs. Muhlke, her heirs and assigns, should have the right to use the wall for any building erected on lot 42, after paying to Grimley one-half the value of the wall, or so much thereof as should be so used, and the cost price at the time of such using was to be regarded as the value. It was also agreed, that the wall should not be cut into in any manner liable to endanger its stability, and that if either party thereafter wished to build a barn or extend the party wall, it should be done in the same manner as therein before specified, and the other party should have the privilege of using the same by paying one-half the cost of it, and that the agreement should be perpetual, and a covenant running with the land.

"In constructing his house Grimley built the party wall in the manner stipulated. He then built a barn at the rear of lot 43, supposing he had placed the south wall thereof equally on the two lots. Afterwards, and prior to March, 1889, Mrs. Muhlke conveyed lot 42 to appellee, who proposed to erect a much deeper building than Grimley's, using the party wall erected by him as far as it extended, and then to continue the same to the necessary length. About that time appellee discovered that Grimley had built the south wall of his barn entirely upon her lot, and to settle that difficulty, as well as to adjust the rights of the parties in reference to the party wall so built by Grimley, and the extension projected by appellee, a new contract, dated March 6, 1889, was made between appellee, as party of the first part, and appellant, as party of the second part, which, after reciting the fact of the ownership of lot 42 by appellee, and of lot 43 by appellant, and making of the original party wall contract, the building of the party

wall for the houses by Grimley, and the building of the south wall of his barn entirely on lot 42, proceeded as follows:

" 'And whereas, the said party of the first part is about to erect a front building and barn on said lot forty-two (42), it is hereby mutually agreed to, by and between said two parties, their heirs, executors and administrators and assigns, that said party of the first part shall pay to the party of the second part the sum of one hundred and fifty dollars, ($150,) being the full moiety or one-half of the cost of party wall and barn wall, the receipt whereof is hereby acknowledged by the party of the second part; that the said party of the first part shall build the extension of the front party wall, as provided for in party wall contract, but the said party of the second part, his heirs, etc., shall never have the right to use said wall contrary to the provisions of said party wall contract, dated March 15, A. D. 1888, nor shall he (the party of the second part, etc.,) have the right to obstruct the light for any window said party of the first part shall build into said wall. It is further agreed between said parties that the barn foundations will be lowered so as to conform to plans, and be built in such manner as most convenient to mechanics, said William H. Grimley allowing proper access and assistance in rebuilding. It is further agreed that said party of the first part shall have the privilege to entirely rebuild the barn wall as far as main building shall extend.

PEARL M. DAVIDSON,<br>Per M. Davidson.<br>WILLIAM H. GRIMLEY.'

"Soon after the execution of that contract, appellee proceeded to erect a building on lot 42, and to build an extension of the party wall between the houses. The plans and specifications for her building contemplated openings for windows in the extension of the party wall, and she does not deny that it was her intention to construct such openings in the extension, and to place windows therein. To prevent such action on her part,

Grimley filed the bill in this case, which was dismissed on final hearing by the circuit court, from which order Grimley brings this appeal.

"It is argued for appellant that there was no consideration for any of the agreements of Grimley set forth in the paper of March 6. That this is a mistaken interpretation is entirely free from doubt. The barn wall was built upon appellee's lot, and she was not legally liable to pay for any part of it, but might have appropriated the whole of it as her own property. Payment to Grimley for what was in law her own, constitutes a valuable consideration for his undertakings.

"Then, appellant claims that there is nothing in the contract of March 6, granting to appellee the privilege of cutting openings and building windows in the extension of the party wall. If by this it is meant that there are no words of express grant, it must be acknowledged. The paper is inartificially drawn, but it is not difficult to discover, in the words used by the parties, an intention to allow appellee to make such windows, and to preserve the benefit thereof to her from any obstruction of the light by appellant. Any other conclusion can only be reached by refinement which we can not approve. It is seldom that the whole of the purposes of the parties to a contract are so clearly expressed as to need no aid from inference. When, however, the express words fairly and legitimately require an inference as to their intention, the intention thus inferred is just as truly a part of the contract as the clearly expressed undertaking. *Ames* v. *Moir*, 130 Ill. 582.

"Both points were correctly ruled by the chancellor, and the decree is affirmed."

*Decree affirmed.*