SOLOMON PLAUT

v.

ORAN YOUNG.

*Negotiable Instruments—Note—Execution, Fraud in Procuring—Evi-
dence—Instructions—Fence Agency.*

1.   Where instructions prepared by the court of its own motion omit to
refer to any point deemed important, or lacking in fullness or clearness,
counsel should suggest the necessary addition or amendment.
2.   In an action brought to recover upon a promissory note, the defend-
ant contending that he was fraudulently induced to execute the same, upon
the supposition that it was a contract of agency for a patent fence, this
court declines to interfere with the verdict in his behalf.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Vermillion County;
the Hon. C. B. SMITH, Judge, presiding.

Mr. J. B. MANN, for appellant.

Mr. CHARLES A. ALLEN, for appellee.

WALL, J.    This was a suit upon a promissory note alleged
to have been made by defendant, payable to his own order

Plaut v. Young.

and by him indorsed to the plaintiff.    The defense was fraud
and circumvention in procuring the execution of the instru-
ment, and that the defendant did not execute the same.

The verdict was for defendant, and a motion for new trial
having been overruled, judgment was rendered accordingly.
The case now comes here by the appeal of the plaintiff, and
it is urged that there was error in the instructions, and that
the verdict is not sustained by the evidence.

The real defense was that the instrument was executed
under the impression fraudulently produced by the person to
whom it was delivered, that it was not a promissory note but
a contract of agency with reference to the "Empire Steel and
Iron Fence."    The evidence is conflicting but we are not dis-
posed to interfere.    It was an unusual proceeding to take a
promissory note, in the form here adopted, especially from a
farmer who was unaccustomed to business matters of such a
nature.    The indorsement is at the foot of a long property
statement, and whether so intended or not, the peculiar
features of the transaction might easily mislead and deceive
an illiterate and inexperienced man.    The plaintiff, to whom
the note was indorsed, is not the alleged vendor of the fence,
but a citizen of the locality, to whom the note was sold.    All
the proofs being considered, there was enough to support the
defense of fraud and circumvention, if the testimony of the
defendant was believed.    It evidently was believed by the
jury, and the presiding judge who heard the evidence was
evidently content with this action of the jury.

The first objection made to the instructions is that " they do
not consist of clear, distinct and several propositions of law,
but are in their form an argument to the jury, very much
involved in style and difficult of comprehension."    This criti-
cism is not well founded.    The instructions were prepared by
the court of its own motion, and state with sufficient clearness
the issues involved and the legal principles applicable to the
facts.

Such a mode of instruction must be more helpful to the
jury than that usually practiced, when each side presents a
series of propositions " several and distinct," apparently diffi-

cult to harmonize when considered by a layman, which the court must either give or refuse as presented, or modify.

The next objection urged is that the second paragraph of the instructions is not sufficient because it leaves out of the question the want of due care on the part of the appellee; but as counsel admit, a subsequent paragraph contains all that is necessary in this regard. The final objection is that the paragraph, which advises the jury that they are the judges of the credibility of the several witnesses, does not state any of the tests which the law applies in weighing testimony. The instruction would have been more complete and useful if it had contained such a statement, but it can not be regarded as so faulty and vicious as to warrant a reversal for that cause. It does not appear from the record that counsel for appellant asked any instructions. It was of course proper for him to do so, and if the instructions given by the court omitted reference to any point he deemed important, or were lacking in fullness or clearness, he should have suggested the necessary addition or amendment. Upon the whole record no substantial error appears and the judgment will be affirmed.

<em>Judgment affirmed.</em>