## WILLIAM H. HART

### v.

## FREDERICK R. OTIS ET AL.

*Contracts—Carriers—Bills of Exchange—Commission Merchants.*

1. That which is implied in an express contract, is as much a part of it as what is expressed.

2. A request complied with, to make an advance upon goods consigned for sale, whether such request be accompanied by a draft for such advance or not, implies a promise to make good the deficiency, if the proceeds are not enough to reimburse the consignee.

3. A protest of a foreign bill must be made in order to charge the drawer or indorser, unless some excuse can be made for the omission; but the failure to allege protest, in an action on a bill, is only one of form; it can not be reached by general demurrer.

4. In an action brought to recover moneys alleged to be due the plaintiff on account of various transactions between the parties growing out of certian consignments made by the defendants to the plaintiff, the case being tried in the court below upon pleas of limitation interposed by the defendants, the question being as to whether any count in plaintiff's declaration showed a cause of action upon a written contract, the limitation to which is ten years, this court holds that the contract stated in certain counts was a written contract that the acceptance and performance thereof might be proved by parol and that the pleas of the statute being to the whole declaration, the demurrer should have been sustained even if certain counts were bad.

[Opinion filed November 2, 1891.]

In error to the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. Aldrich, Payne & Washburn and William Brace, for plaintiff in error.

Messrs. ASHCRAFT & GORDON, for defendants in error.

GARY, J. The parties here occupy the same position as they did in the Superior Court. The plaintiff filed against the defendants a declaration of sixty-five counts, to which they filed pleas of limitation of five years, so that the real question in the case is, whether any count showed a cause of action upon a written contract, the limitation to which is not five, but ten years.

On demurrer to the pleas, the Superior Court decided in favor of the defendants, and rendered final judgment for them, to reverse which this writ is prosecuted.

Each of the first thirty-four counts alleges consignment by the defendants to the plaintiff of provisions for sale on their account; draft by the defendants on the plaintiff; and that the defendants, in writing, advised the plaintiff of the consignment; that the draft was drawn as an advance against the same; and requested the plaintiff to protect and pay the draft.

Each of the last fifteen counts alleges consignment to and draft upon some third person who refused the consignment and draft, and thereupon the defendants, in writing, requested the plaintiff to pay the draft, receive the goods and sell the same on their account, and treat the draft as an advance against the same. Each of these forty-nine counts alleges a sale of the goods and a deficiency of the proceeds to make good the drafts. The formal allegations to make good counts in assumpsit, are in them.

In considering these counts, we are to bear in mind that " what is implied in an express contract, is as much a part of it as what is expressed." Bishop on Cont., Ch. 9.

That a request, complied with, to make an advance upon goods consigned for sale, whether such request be accompanied by a draft for such an advance or not, implies a promise to make good the deficiency if the proceeds are not enough to reimburse the consignee, is too clear to require discussion.

The contract stated in these counts, then, is a written contract; the acceptance and performance may be proved by parol. Memory v. Niepert, 131 Ill. 623. Prenalt v. Runyon,

Hart v. Otis.

12 Ind. 174, is exactly in point, treating the implied promise here, to make good the deficiency, as the equivalent of the express promise there, to pay for the whisky. Parol proof of advancing the money, and of the insufficiency of the proceeds to reimburse, will be necessary here, as it was of sending the whisky there.

"It can not be maintained, that because proof of performance is necessary to hold (defendants in error) liable on (their) promise, therefore the contract rests partly in parol." Plumb v. Campbell, 129 Ill. 101; see, also, Ames v. Moir, 27 Ill. App. 88; 130 Ill. 582.

The pleas being to the whole declaration, and these counts being good counts on written contracts, the demurrer to the pleas should have been sustained, even if counts thirty-five to fifty inclusive, are bad. American Ins. Co. v. Holly, 81 Ill. 353; Prather v. Vineyard, 4 Gilm. 40.

The last mentioned counts are upon bills of exchange drawn by the defendants in Chicago, upon parties in England, indorsed to the plaintiff, and acceptance or payment, or both, refused by the drawees. Some of these counts allege notice thereof to the defendant, and others set up excuses for not giving it. On this record we need not consider the question whether such excuses are sufficient, as any one good count showing a written contract, is enough to make the pleas bad, as before shown. None of them allege a protest for non-acceptance or non-payment. All the authorities agree that a protest of a foreign bill must be made in order to charge the drawer or indorser, unless some excuse can be made for the omission. Tiedeman, Com. Paper, Sec. 321–354 *et seq.*

But the omission to allege protest, if an objection at all, is only one of form. Salomons v. Stavely, 3 Doug. 298; 26 E. C. L. 200. It can not be reached by general demurrer, and therefore can not be on a demurrer to pleas carried back to the declaration (1 Chit. on Pleading, 580, Ed. 1828), even if these counts stood alone.

The demurrer should have been sustained, and the judgment is reversed and the case remanded.

*Reversed and remanded.*