## Frank P. Wiley and John B. Drake, partners as Wiley & Drake, v. National Wall Paper Co.

1. PLEADING—*A Plea of Avoidance Must Give Color.*—Plead ings in avoidance must give color to the opposite party, that is, give him credit for having an apparent or *prima facie* right of action, independently of the matter disclosed in the plea to destroy such apparent right.

2. TRUSTS AND CONSPIRACIES AGAINST TRADE—*Pleas Under the Statutes Against.*—In an action of assumpsit for wall paper sold and delivered the defendant filed pleas alleging that the plaintiff company was a trust or combine organized for the purpose of restricting trade in, and

limiting the production and increasing the price of wall paper; the pleas failed to show that the sale counted on was in furtherance of, or connected with, the unlawful combination, if any such existed, or that the sale was at unreasonable prices produced by any unlawful combination. *Held,* that the pleas did not set up a good defense.

3. BILLS OF EXCEPTIONS—*Must Show Facts Relied on for Reversal.*— This case was placed on " the first trial calendar " of the trial court, and a motion to strike it off, on the ground that that action was in violation of a rule of such court, was denied. The bill of exceptions did not show an exception to said ruling, nor contain any information as to the contents of the rule alleged to have been violated. *Held,* that this court must presume that the trial court decided properly.

**Asssumpsit,** for goods sold and delivered. Appeal from the County Court of Peoria County: the Hon. ROBERT H. LOVETT, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

G. T. GILLIAM, attorney for appellants.

COVEY & COVEY, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a suit to recover for a bill of wall paper, sold by Janeway & Carpender, of Chicago, a branch of the National Wall Paper Company, to appellants, amounting to $251.11.

Appellants defended upon the ground that they never dealt with, nor purchased the goods from appellee, but that the bill of wall paper sued for was purchased from Janeway & Carpender. Appellants also filed seven special pleas, numbered from three to nine, inclusive, whereby they sought to set up a defense under the act of June 20, 1893, entitled: " Trusts and conspiracies against trade." (Hurd's Statutes 1893, p. 519.) The court sustained a demurrer to these seven special pleas, and appellant abided by their pleas. We think the court did right in sustaining the demurrer to these pleas.

They were pleas in avoidance, and should therefore have given color to the plaintiff, that is, have given it credit for

having an apparent or *prima facie* right of action, independently of the matter disclosed in the plea to destroy it. 1 Chitty's Pl. (6th Ed.), p. 556; Andrews' Stephen's Pleadings, 266.

The pleas under consideration did not conform to this rule and were therefore demurrable. Nor did they set up any facts from which the court could see that if proven the unlawful trust or combination existed. Again, the pleas failed to show that the sale of the goods by appellee was in furtherance of, or connected with, the unlawful combination, if any such existed.

There was no dispute that appellants purchased and received the goods, nor is it alleged or claimed that they were sold at unreasonable prices produced by any unlawful combination.

The defense appears to have been an afterthought and without merit. The amount due was admitted by appellant's letter asking an extension of the time for payment, and the only excuse offered then for non-payment was hard times and slow collections. We think the verdict and judgment for $251.11, the amount of the bill, was right and should be affirmed. We find no error in the action of the court in giving or refusing instructions.

It is insisted that the court erred in placing the case on the first trial calendar, and refusing to strike it off upon appellant's motion, it being claimed that this action was in violation of rule ten of the court in which the cause was tried.

No exception seems to have been saved to the ruling of the court on this motion, the bill of exceptions being entirely silent on this subject. There is no evidence as to what rule ten was beyond an alleged copy included in the motion, and that not being incorporated in the bill of exceptions is not properly before us. There is no evidence to show on what the court based its action in overruling the motion, and we must presume it decided properly.

The judgment will be affirmed.