**D. Y. Hallock et al. v. A. E. Cutler.**

71    471
103   ¹ 79

1. WARRANTIES—*When Implied.*—One who manufactures an implement, names it a potato digger, and sells it to another, impliedly warrants that it will dig potatoes and place them on top of the ground ready to be picked up.

2. EVIDENCE—*Exclusion of, Not Ground for Reversal, When Fact is Shown by Other Evidence.*—A judgment which does substantial justice will not be reversed on account of the exclusion of a letter, when all that it would have proved is fully shown by other evidence which was admitted.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Winnebago County; the Hon. J. C. GARVER, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

WORKS & HYER, attorneys for appellants.

In support of the proposition that there was no implied warranty of the machines in question, which could properly be brought into this case, and that the rule of *caveat emptor* applies, appellants' attorneys cited the following: Titley et al. v. The Enterprise Stone Co., 127 Ill. 457; Benjamin on Sales, Sec. 987; Cosgove v. Burnett (Minn.), 20 N. W. Rep. 359; Goulds et al. v. Brophy (Minn.), 43 N. W. Rep. 834; Dounce v. Dow, 64 N. Y. 411; James v. Bocage, 45 Ark. 284; 2 Sutherland on Damages, 409.

"If an order be given for a specified article of a recognized kind or description, and the article is supplied, there is no warranty that it will answer the purpose described or supposed although intended and supposed to do so." Wisconsin Red Pressed Brick Co. v. Hood et al. (Minn.), 56 N. W. Rep. 165. See also Wisconsin Red Pressed Brick Co. v. Hurd Refrigerator Co. et al. (Minn.), 62 N. W. Rep. 550; and Chanter v. Hopkins, 4 M. & W. 399.

FROST & McEVOY, attorneys for appellee.

It is implied in the sale of manufactured goods that

they shall be reasonably fit for some purpose. Laing v. Fidgeon, 6 Taunt. 108.

If a commodity be sold for a particular purpose, there is an implied warranty that it is reasonably fit for that purpose. Gray v. Cox, 4 Barn. & Cress. 108.

See also Bluett v. Osborne, 1 Starkie, 384, and Jones v. Bright, 5 Bing. 533.

There is an implied warranty where the vendor is told that the article ordered is required for a particular purpose that it shall answer that purpose. Brown v. Edgington, 2 Sco. N. R. 496; Bigge v. Parkinson, 7 H. & N. 955.

When a vendor manufactures an article to be used for a particular purpose a sale implies a warranty that it is reasonably fit and proper for the purpose for which he proposes to make it and for which it is known to be required. Jones v. Bright, 5 Bing. 533; 3 Moore & P. 155; Gray v. Cox, 6 D. and R. 208; 4 Barn. & Cress. 108; Bigge v. Parkinson 31 L. J. N. S. C. L. 301; 7 H. and N. 955.

Where goods are ordered for a particular purpose known to the seller, he impliedly undertakes that they shall be reasonably fit for the purpose for which they are ordered, and especially is this so if the seller is also a manufacturer of the goods ordered. Gerst v. Jones, 32 Gratt. (Va.), 518; 10 Cen. Law Journal, 151.

A manufacturer who sells a steam boiler impliedly warrants that it is made of sound material and is of good workmanship. Beers v. Williams, 16 Ill. 69; Rogers v. Niles, 11 Ohio St. 48.

If a thing be ordered of a manufacturer for a special purpose, and it is accepted and sold for that purpose, there is an implied warranty that it is fit for that purpose. 1 Parsons on Contracts, 586 and 587.

Mr. Justice Dibell delivered the opinion of the Court.

Appellants were manufacturers at York, Pennsylvania, of a farm implement called a potato digger. Appellee was a dealer in agricultural implements at Rockford, Illinois. Appellee ordered one potato digger of appellants and

received it about June 1, 1894. Then he ordered three more. He tried them in dry soil and they seemed to work well. He paid for these four. About the last of August, 1894, he ordered twelve more, which were received by him. He afterward claimed they were unmerchantable and not fit for the purpose for which they were designed, and refused to pay for them, and offered to return them to appellants. Appellants then brought this suit to recover the price of said twelve potato diggers, which was $75. In the Circuit Court appellants had verdict and judgment for $37.50, from which judgment in their favor they prosecute this appeal.

There was no express warranty in the sale of these implements. There was therefore an implied warranty. The main controversy is as to the extent of such implied warranty. Appellants claim it was only as to material and workmanship. Appellee claims that as appellants were the manufacturers of the implements designated, and named them "potato diggers," there was an implied warranty that they were reasonably fit and proper for the use indicated, that is, for digging potatoes. The Circuit Court, in its rulings upon the evidence and instructions, took the latter view. In Beers v. Williams, 16 Ill. 69, it was held that upon the sale of a boiler by the manufacturer there was an implied warranty that it was fit for a boiler. In Archdale v. Moore, 19 Ill. 565, the court said : "Where the seller is the manufacturer the law implies a warranty that it is reasonably fit for the use for which it is intended." 1 Parsons on Contracts, star page 469, states this rule, or rather exception to the general rule, thus: "If a thing be ordered of a manufacturer for a special purpose, and it be supplied and sold for that purpose, there is an implied warranty that it is fit for that purpose." In a long note the author reviews the cases. In Brenton v. Davis, 8 Blackf. 317, the court said : "If a manufacturer of an article sells it at a fair market price, knowing the purchaser designs to apply it to a particular purpose, he impliedly warrants it to be fit for that purpose; and if, owing to some defect in the article not

visible to the purchaser, it is unfit for the purpose for which
it is sold and bought, the seller is liable on his implied war-
ranty." 2 Benjamin on Sales, Section 988. We are aware
that the case at bar comes very close to the line of the con-
verse of the above proposition, being the position contended
for by appellant, and which is thus stated in 2 Benjamin on
Sales, Section 987: "Where a known, described and defined
article is ordered of a manufacturer, although it is stated to
be required by the purchaser for a particular purpose, still
if the known, defined and described thing be actually sup-
plied, there is no warranty that it shall answer the particu-
lar purpose intended by the buyer." We, however, think
the Circuit Court correctly held the law as applied to this
case. Appellee had received four of these potato diggers,
the first nearly three months before the order for the dozen
was given, but at a season of the year when such implements
are but little used. He had tried them in dry ground. The
evidence seems to show very strongly, and without contra-
diction, that when applied to the conditions usually existing
at the time of potato digging these implements would not
work. The very name "potato digger" implies that it is
an implement calculated and intended to take potatoes out
of the ground and leave them on top of the soil. The evi-
dence is all one way that these machines would not do this,
but only shoved the soil and potatoes to each side, leaving
the potatoes still in the soil. A common plow would do
the same thing. This implement, according to the evidence,
was of no aid in digging potatoes, and it is not shown to
have been fit for any other use. We hold that one who
manufactures an implement, names it a potato digger, and
sells it to another, impliedly warrants that it will dig pota-
toes and place them on top of the ground, ready to be picked
up. If we are right in this conclusion, the principal rulings
of the Circuit Court were correct.

It is argued the court below should have admitted the
letter of May 1, 1894, written by appellee to appellants.
All it would have proved was that appellee ordered and
received one potato digger from appellants, but the facts on

that subject were fully disclosed by appellee when called by appellants as their only witness. It is also urged the verdict of $37.50 can not stand, because if appellee is right there should have been no recovery. While appellee testified that none of these twelve implements received were ever sold "only as they came back," and that he notified appellants they were all on hand subject to their order, yet he also testified that he did not know how many of the diggers he had left in his warehouse, and that of the twelve implements in controversy he had sold "in the neighborhood of three" that were not brought back; and that there were "perhaps four or five altogether—that is, what you would call a sale," explaining that where the parties brought them back he did not consider that was a sale. His offer to return could not extend to diggers which he had sold and which had not been returned to him. The jury charged him with six implements at the contract price, and we think substantial justice was done. Judgment affirmed.