83   509
111   620

## Thomas McKeown v. Wladislav Dyniewicz.

1. WARRANTIES—*Implied in the Construction of Mechanical Apparatus.*—A mechanic who undertakes to construct and furnish mechanical apparatus for a particular purpose, impliedly agrees that, when constructed, it will be reasonably sufficient for the purpose for which it is intended. The law implies in the case of all such contracts, in the absence of an express agreement or clear intention to the contrary, that the apparatus furnished shall be reasonably sufficient for the purpose.

2. PRACTICE—*Motion to Strike Out Answers.*—A motion to strike out

the answers of a witness, when a part of it is clearly proper, must be directed specifically to the irresponsive and incompetent parts of the answer, and not generally against the whole.

3. Same—*Motion to Expunge an Answer, When Too Late.*—A motion, even if proper in form, to strike out the improper parts of the answer of a witness, is too late if not made at the time the answer is given.

4. Objection—*To be Made in Apt Time.*—Objections to questions to witnesses and their answers must be made in apt time, so that if sustained, the fault, if remediable, may be corrected during the progress of the trial.

5. Instructions—*Duty of the Parties to Prepare.*—A court is not bound to instruct the jury at all in the absence of instructions prepared and offered by the parties desiring them.

**Assumpsit.**—On contract to furnish heating apparatus. Trial in the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding. Verdict and judgment for defendant; error by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed July 11, 1899.

Mitchell & Addington, attorneys for plaintiff in error.

Czarnecki & Koraleski, attorneys for defendant in error.

Mr. Justice Shepard delivered the opinion of the court.

This suit was brought by the plaintiff to recover from the defendant a claimed balance of $222.75 for furnishing and putting up certain hot water heating apparatus under written propositions submitted therefor, which were orally accepted by the defendant, and for certain extra work, amounting in all to upward of $800.

The plea was the general issue, and under it evidence was heard tending to show that the apparatus was defective in construction and would not perform what it was intended for, and that the defendant suffered damages in consequence. The jury returned a verdict finding the issues for the defendant, and a judgment for costs was rendered against the plaintiff.

The argument in behalf of plaintiff is directed to but three questions: That the verdict is against the weight of evidence, the erroneous admission of incompetent evidence,

and error in the instruction given by the court upon its own motion.

The work undertaken was for the purpose of heating the defendant's store and printing shop.

A mechanic who undertakes to construct and furnish mechanical apparatus for a particular purpose, impliedly agrees that when constructed it will be reasonably sufficient for the purpose for which it is intended. The law implies in the case of all such contracts, in the absence of an express agreement or clear intention to the contrary, that the apparatus furnished shall be reasonably sufficient for the purpose. Springdale Cemetery Assoc. v. Smith, 32 Ill. 252.

A clear preponderance in the number of witnesses testified in behalf of defendant, and their testimony, if credible, shows that the apparatus that was furnished was defective and failed to accomplish what it was intended to perform.

The credibility of the witnesses and the weight to be given to their testimony were matters for the jury alone to determine.

From anything the record discloses to us the defendant's witnesses were as credible as the plaintiff himself, who was the only witness upon his side. Under the circumstances, we ought not to hold that the facts do not sustain the verdict.

The claimed errors concerning the admission of evidence consist of two matters.

Upon the direct examination of the defendant, he was asked, if, when he was compelled to shut down his presses (for lack of warmth from the heating apparatus), he sustained any damages. No objection to the question was made, but at the close of the witness' answer, the plaintiff moved to strike out the answer. The motion was properly overruled. A part of the answer was responsive to the question and was competent, although much of it was clearly not so. Had the motion prevailed, the result would have been to expunge from the record the responsive and competent part of the answer as well as the part that was

not so. The motion, to have been proper and effective, should have been directed specifically to the irresponsive and incompetent parts of the answer, and not have been directed against the whole answer, a part of which was clearly proper.

Later on, and after the testimony on both sides was closed, a motion, proper in form, was made to strike out the specifically bad parts of the answer of the witness, but it was then too late. The same may be said as to the contention that the court should have struck out the testimony of one Boyd, who testified in behalf of the defendant as to the amount paid by defendant to T. C. Boyd, a plumber and steam fitter, for repairing and altering the work done by plaintiff; that motion was also made after the testimony on both sides was closed. When the witness Boyd was on the stand, no objection was made to the questions put to him, nor to his answer, which it was not claimed until the end of the case, was incompetent.

The effect of much, if not all, of the testimony that was moved to be stricken out, might have been competently supplied at an earlier stage of the trial. The reasonable presumption is, that at the time the motions were made the witnesses were scattered; but whether so or not, the discretion of the trial judge in refusing to reopen the case, as would have almost necessarily followed the allowance of the motions, ought not to be interfered with.

Objections to questions to witnesses and their answers, must be made in apt time, so that if sustained, the fault, if remediable, may be corrected and remedied during the progress of the trial. No error, available to the plaintiff, was committed in the matter of the admission of evidence.

It is urged that the instruction given to the jury by the court upon its own motion (none being offered by either party) ignored two material contentions on the part of the plaintiff.

It is a sufficient answer to the contention to say that the court was not bound to instruct the jury at all in the absence of any instruction being prepared and offered by either

party, but if any particular proposition of law not included in the given instruction, were desired by plaintiff to be incorporated into the instructions, he should have suggested the necessary addition. Plaut v. Young, 38 Ill. App. 102.

"It is not error for the court to omit to instruct on a particular point, where no instruction is asked on such point." Knickerbocker Ice Company v. DeHaas, 37 Ill. App. 195.

There can be no well sustained objection to the instruction for what it does contain.

We discover no reversible error in the record, and the judgment will be affirmed.