# ILLINOIS CENTRAL RAILROAD COMPANY

## *v.*

# THOMAS JOHNSON.

1. PRACTICE — *striking pleas from the files.* When the plea amounts to the general issue, it may be stricken from the files, even after a demurrer thereto has been overruled.

2. PRESUMPTION — *proof under general issue.* In assumpsit the general issue was pleaded, and also a special plea, which, however, only alleged against such facts as the plaintiff was bound to prove to make out a *prima facie* case. The special plea was stricken from the files, and, on error, there being nothing in the record to the contrary, it was presumed the defendant, having the right so to do, controverted the *prima facie* case of the plaintiff under the general issue.

3. EVIDENCE UNDER THE GENERAL ISSUE. In an action of assumpsit against a railroad company for non-delivery of goods, which were shipped to a place beyond where the road of the defendant run, the company pleaded that they delivered the goods safely to another road, which was next to defendant's road on the route, and claiming they were not liable if the loss occurred on such other road. This was held to amount only to the general issue. The reverse of the plea would have to be proven by the plaintiff to make out a *prima facie* case.

4. LIMITATIONS — *contracts in writing.* A contract in writing entered into by a railroad company for the transportation and delivery of goods, is within the purview of the statute limiting actions on such contracts to sixteen years.

5. COMMON CARRIERS — *their liability to transport goods beyond their own lines.* When a carrier receives goods to carry, marked for a particular place, he is bound, under an implied agreement from the mark or direction, to carry to and deliver at that place, although it be a place beyond his own line of carriage.[*]

6. Much more is he bound, when, as in this case, he undertakes expressly to carry and deliver at such place.

APPEAL from the Circuit Court of McLean county.

This was an action of assumpsit brought in the Circuit Court by Thomas Johnson against the Illinois Central Railroad Company, as common carrier of goods. It is alleged in the declaration that the plaintiff delivered to the company, on the 14th day of June, 1856, four boxes, one trunk, and one

---

[*] See *Ill. Cen. R. R. Co.* v. *Cowles,* 32 Ill. 120.

box in "B. O.," filled with goods and chattels, of the value of five hundred dollars, and that the company, by its certain agreement in writing, undertook to forward said goods to the plaintiff at Wheeling, in the State of Virginia; which agreement in writing is set out *in hæc verba*, as follows:

"Bloomington, June 14, A. D. 1856, received in apparent good order, of John H. Johnson for Thomas Johnson, Wheeling, Virginia, four boxes and one trunk, one box in B. O., 820 lbs., contents unknown, to be forwarded by the Illinois Central Railroad Company, subject to freight and the regulations of the company. It is especially agreed and understood that the company are not responsible for damage to goods from fire or other unavoidable causes while in the buildings of the company, awaiting shipment.

"S. W. DODD, Agent."

Breach, that the goods were not forwarded to the plaintiff, at Wheeling, Virginia, but defendant so carelessly and negligently conducted itself, with respect to said goods, that the same were lost.

The defendant pleaded: *First,* the general issue. *Second,* that the said writing obligatory in said plaintiff's declaration mentioned, if any such was made, was and is subject to the conditions following in substance:—that the said goods in the said declaration mentioned were received by the said defendant, subject to freight and the regulations of said defendant; and the defendant here avers that one of its regulations referred to in said writing, and known to said plaintiff, and by him was then and there assented to at the time when, &c., in declaration mentioned, was and is that said defendant was only liable for loss or damage done to said goods while on defendant's railroad, and that defendant's liability as to plaintiff's goods ceased when the same were delivered to other carriers. And the said defendant says that said plaintiff's goods were not lost or damaged by defendant, or on their said railroad, and that said goods were safely delivered by defendant to Terre Haute and Alton Railroad, who were common carriers next to defendant's railroad on the route from

Bloomington to Wheeling, and this they are ready to verify, wherefore they pray judgment.

*Third.* And for a further plea in this behalf, defendant says *actio non*, because they say that they did safely carry and deliver the said goods in said declaration mentioned, according to the freight regulations of said defendant, and this they are ready to verify, wherefore they pray judgment, &c.

*Fourth.* Statute of limitations; that the causes of action did not accrue within five years.

Plaintiff filed general demurrer to the 2d, 3d and 4th pleas, severally. The demurer was sustained as to the 2d and 4th pleas, and overruled as to the 3d plea.

Plaintiff moved to strike the 3d plea from the files. Motion sustained. Defendants asked leave to file an amended plea, which motion was denied.

Trial and verdict for the plaintiff, $339.70.

A motion for a new trial was overruled, and judgment entered upon the verdict. Thereupon, the company took this appeal, and allege that the court below erred. 1st, in sustaining plaintiff's demurrer to defendants' 2d plea. 2d, in sustaining plaintiff's demurrer to defendants' 4th plea. 3d, in striking defendants' 3d plea from the files after demurrer to it had been overruled. 4th, in rendering judgment in manner and form aforesaid.

Messrs. GLOVER, COOK AND CAMPBELL, for the appellant.

The second plea was a good plea. It averred that one of the conditions of the written agreement counted upon was, that the goods were received subject to the regulations of the defendant and that one of those regulations was, that the defendant should be liable only for loss or damage done to said goods while on defendant's railroad, and that defendant's liability as to said goods ceased when the same were delivered to other carriers, and that this regulation was known to, and assented to by the plaintiff at the time he delivered the goods to defendant. Defendant clearly had a right to limit its liability, as common carriers, to its own road, by special agreement. The parties

had a right to make such an agreement; the plea was that they did, and that the defendant complied with its agreement on its part. *Van Santvoord* v. *St. John*, 6 Hill, 157; *Farmers' and Mechanics' Bank* v. *C. T. Co.*, 18 Vt. 140; *Nutting* v. *Conn River R. R. Co.*, 1 Gray, 502, 23 Vt. 186; *Hood* v. *New York and N. H. R. R.*, 22 Conn. 1 and 502; *Jenneson* v. *Camden & Amboy R. R.*, 4 Amer. Law Reg. 234; Redfield on Railways, 282, and cases there cited.

There was nothing in the written agreement inconsistent with the plea; if the writing should be considered as a mere receipt, and not as evidencing the contract of the parties, then the suit is brought upon an implied promise instead of a promise in writing, and the statute of limitations was well pleaded.

Messrs. HERVEY, ANTHONY and GALT, for the appellee.

1. The 2d and 3d pleas amounted to the general issue, and the evidence to sustain said pleas could have been given under the general issue; but whether they amounted to the general issue or not is entirely immaterial, if the *facts alleged* in them could be given under that plea; and unless the record or bill of exceptions shows to the contrary, it will *be presumed that the evidence was admitted under* the general issue, on the trial of the case, and we respectfully submit, that if the defendant wished to avail himself of any evidence on the trial, he should, at least, have *offered* it, and if it was rejected, brought it up by a bill of exceptions. *Curtiss* v. *Martin*, 20 Ill. 571; *Parmalee* v. *Fischer*, 22 id. 214; *Warner* v. *Crane*, 20 id. 151.

2. The plea of the statute of limitations was not a good plea to the action, and was properly overruled because the action was brought upon a "simple contract in writing," as provided in sec. 1 of Laws of 1849, in Scates' Comp. 752, and could be brought at any time within sixteen years.

3. As to the authorities which are cited by appellant to show that the railroad was not liable for the loss of the goods after they had given them to another company, our courts say, in the case of *Illinois Central R. R.* v. *Copeland*, 24 Ill.

338, in reviewing some of the cases bearing upon this subject, that "we are inclined to yield to the force of the reasoning of the English courts, on principles of public convenience, if no other, and to hold, when a carrier receives goods to carry, *marked* for a particular place, he is bound to carry to, and deliver at that place.

"By accepting goods so marked, he *impliedly agrees so to do*, and he ought to be answerable for the loss." *Ladue* v. *Griffith*, 25 N. Y. 366.

The railroad company, in this case, not only accepted the goods marked for Wheeling, Virginia, but expressly agreed to carry them there. For these reasons, the judgment of the court below ought to be affirmed.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only questions presented by this record are, as to the propriety of sustaining the plaintiff's demurrer to the defendants' second and fourth special pleas, and striking out the third special plea, after a demurrer to it had been overruled.

The plea stricken out amounted to the general issue, as did the second plea. The plaintiff was bound to prove the reverse of all the matter contained in each of those pleas to make out a *prima facie* case. The defendant had the right to controvert the *prima facie* case of the plaintiff, and we must presume that he did so. There is nothing in the record to the contrary, consequently the defendant suffered no injury by striking out the third plea. *Warner* v. *Crane*, 20 Ill. 151.

The action was brought on the written undertaking of the defendant to carry the goods to Wheeling, Virginia. It was not barred, therefore, until sixteen years had elapsed. It was a written contract, and within the provisions of the statute limiting actions on such contracts to sixteen years. Scates' Comp. 752. A plea setting up the bar of five years, was no plea in the case, and was properly stricken out.

As to the liability of the defendant to transport these goods to Wheeling, there can be no doubt. It is an express undertaking to do so. In the case of the *Illinois Central Railroad*

*Company* v. *Copeland*, 24 Ill. 338, we held, when a carrier receives goods to carry, marked for a particular place, he is bound to carry to and deliver at that place. It is only on an agreement implied from the mark or direction on the goods, and accepting them so marked, that the liability arises. *Ladue* v. *Griffith*, 25 N. Y. 336. Much more is he bound when he undertakes expressly to carry and deliver.

The evidence is not preserved, and we cannot say the verdict was wrong. The judgment must be affirmed.

*Judgment affirmed.*