·J. J. CRAWFORD VS. THE SOUTHERN RAILROAD ASSOCIATION.

1. RAILROADS: *Transportation of goods. Common carriers.*

Common carriers may contract to carry and deliver goods at a point beyond their own lines, and in such case the first carrier will be responsible for the loss, wherever it may occur. The contract may be ascertained and determined by facts and circumstances, in the absence of an express agreement, but a railroad company is not responsible for the nondelivery of freight beyond its own line, except by contract, express or implied. The receipt for goods to be forwarded to a place beyond the terminus of the line of the first carrier, is not evidence of a contract to carry and deliver at the place of destination.

2. SAME: *Contract. Undertaking.*

Mere marks or direction to a destination beyond the terminus of the first carrier's line, will not make such first carrier liable for the loss of the goods beyond such terminus, but the question in every such case is, What is the contract or undertaking?

3. SAME — SAME: *Receipt for goods.*

A receipt for goods "to be forwarded" to Birmingham, Ala., does not imply a contract to carry and deliver the goods at the place of destination, when it is shown that Birmingham, Ala., is beyond the terminus of the line of the railroad executing the receipt.

ERROR to the Circuit Court of *Montgomery* County.

Hon. ORLANDO DAVIS, Judge.

The facts in this case, as well as the instructions given and refused, are very fully stated in the opinion of the court.

*W. R. Barksdale,* for plaintiff in error:

The case hinges entirely on the correctness of the instructions to the jury. 49 N. Y., 616; Redf. on Car., §§ 182–3, 189 note; 24 N. Y., 269; 34 Ill., 389; 43 N. Y., 514. The contract was in writing, and must be construed by its face. See Ætna Ins. Co. v. Wheeler, 49 id., 616. A railway carrier may lawfully make a contract to carry goods beyond the line of their own road. Redf. on Car., § 183; Burtis v. B. & S. L. R. R. Co., 24 N. Y., 269; Vansantwood v. St. John, 6 Hill, 158; Camden & Amboy R. R. Co. v. Forsyth, 61 Penn. St., 81; Central Railway v. Johnson, 34 Ill., 389;

Redf. on Car., 155, note 16.   These authorities announce the doctrine which the court refused to charge.   49 N. Y., 616 ; 45 id., 524.

*Harris & George*, for defendant in error :

The plaintiff, by the charges asked, proceeded on the idea that the whole contract was in the writing, and that its construction was for the court, and that defendant, as carrier, was bound to deliver the goods at Birmingham, Ala.   The contract was to forward, not to carry.   There is a well defined and marked distinction between the words.   If the carrier had made arrangement with other carriers, by which they became partners in the transportation of goods over both lines, he would be liable to the end of the line.   If the carrier receive freight for the whole line, this is evidence of a contract to carry to the end of the line.   We think plaintiff's charges were properly refused.   Defendant's charge was correct.   Defendant was only bound as forwarder from its terminus.   The court is referred to 2 Redf. on Rail., 112; Gray *v.* Jackson, 51 N. H., 9 ; 12 Am. Rep., 1.

TARBELL, J, delivered the opinion of the court.

The plaintiff in error sued the defendant in error to recover the value of a box of goods shipped at Vaiden, Mississippi, and addressed to the plaintiff in the action at Birmingham, Alabama. The declaration avers a contract to deliver the goods at the place of destination, but that the same were lost, wherefore, judgment was demanded for their value.   There was a general denial of the allegations of the complaint, with notice, that on the trial evidence would be given showing the delivery of the goods by the S. R. R. Association to the connecting line of railroad according to covenant, and that the box was by that line delivered in the proper course of transportation towards said Birmingham to another line running and operating distinct from defendant's road and the line of which it forms a part, and no part of it, and not associated by contract or otherwise with it, and that the parties in their contract contemplated this would be done.

Under the instructions of the court there was a verdict for the defendant in the action. Hence, a writ of error by plaintiff in the action.

The sole question presented for adjudication is, did the S. R. R. Association contract to deliver the box of goods sued for at Birmingham, Alabama? The case was tried upon an agreed state of facts, to wit: In January, 1872, this receipt was given by the railroad company, viz.: " Miss. C. R. R. Co.    Received of J. A. Allen, in good order, the following described articles, marked as per margin, to be forwarded to Birmingham, Alabama, at tariff rates, and on the following conditions: It is agreed, and is part of the consideration of this contract, that the company shall not be responsible for leakage of liquids, breakage of glass or queensware, the injury or breakage of looking glasses, glass show cases, picture frames, stoves, castings or hidden contents of packages; nor for the loss in weight or otherwise of grain and coffee in bags, or rice in tierces, nor for the decay of perishable articles; nor for damages arising to any article carried from the effect of heat or cold; nor the loss of nuts in bags, or lemons or oranges in boxes unless covered by canvass; or loss or damage to goods occasioned by providential causes or by fire, from any cause whatever, while in transit or at station.    Mark: Mrs. J. J. Crawford, Birmingham, Ala.    Care, J. J. Connor.    1 box bedding.    Jan. 30, 1872.    (Signed), R. W. SMITH, Agent."

On receipt of goods described, marked as therein stated, and that the value of the same is $216.50, the freight was duly delivered by the defendant in the action in proper season at Canton to N. O., J. & G. N. R. R. Co., a connecting line, and by said last named company was duly and in proper season delivered to V. & M. R. R. Co. at Jackson, another connecting line, in due course of transportation by the usual route to its destination. This freight has been called for at the railroad office in Birmingham, and is not to be found, and this was frequently done from April to August, 1872.    And this was all the evidence in the cause.

The following charges, asked by the plaintiff, were refused by the court:

" 1. The receipt of defendant in this case is a contract to receive the goods mentioned therein at Vaiden in Carroll county, Mississippi, and safely carry and deliver at Birmingham in Alabama, and proof of a failure so to deliver in reasonable time makes the defendant liable.

" 2. The defendants being common carriers from Vaiden in Carroll county, Mississippi, over a part of a continuous railroad line to Rirmingham, Alabama, and having received the goods as shown by the receipt in this case, it was a contract to safely carry and deliver, or to have safely carried and delivered, the goods to Birmingham, Alabama; and in the absence of all proof as to payment of charges of carrying, it will be presumed in this case, that such charges were prepaid and that the whole charge was collected at the end of the route and apportioned among the connecting lines."

For the defendant the following charge was given : " If a common carrier, being a railroad company, accept freight marked to a destination beyond its line, and give a receipt therefor, stipulating that the same is to be forwarded to said destination, then, unless there be proof to show that the whole carriage through was paid in advance, or that there was some association, business connection, or arrangement for transportion between the lines on which the freight must pass to reach its destination, or between the first carrier and the line at fault, the first carrier is not responsible though the freight failed to reach its destination, provided it is shown by the facts in evidence to the satisfaction of the jury, that the first carrier seasonably delivered the freight to its connecting line in due course of transportation by the usual route to the destination of the freight."

All these charges, given and refused, are defective ; those for the plaintiff radically so, in this, that the question involved is one of fact and not of law. In other words, whether there was a contract between these parties, was a question of fact to be deter-

mined from evidence, including the receipt and all the attending circumstances, and not one of law. Red. on L. of Railways.

This author and the opinion of the court in Gray v. Jackson & Co., 51 N. H., 9, review all the leading cases on the question involved in the case at bar, both in this country and in England. In the latter country it is the rule, that a railroad company, by the simple receipt of freight, marked for delivery beyond the terminus of its own road, thereby contracts to transport and deliver at the place of destination.

But this is not American rule, and the decisions are nearly uniform. See authorities herein.

In only a single state is the English rule followed, and the courts of that state are shown to have fallen into the error of supposing the English rule established as a matter of law, whereas, the leading case in that country proceeded upon the basis, that the question of a contract and liability was one of fact.

Reference is made to Illinois Central Railroad Company v. Copeland, 24 Ill.; and to Illinois Central Railroad Company v. Johnson, 34 id., and to the explanation of the error underlying those cases as contained in 51 N. H., *supra*, and in Redfield.

The authorities in this country are uniformly to the effect that common carriers may contract to carry and deliver goods at a point beyond their own lines, and that in such case the first carrier will be responsible for loss wherever it occurs — the contract being ascertained and determined in the absence of an express written agreement, from facts and circumstances. Thus, in Cin., Ham. & D. R. R. Co. and D. & M. R. R. Co. v. Spratt, 2 Duvall, 4, several parties or connecting lines were associated for the transportation of freight from Louisville, Ky., to New York, executing through bills of lading, and each charging and collecting through bills of charges. It was correctly held, that each were chargeable as common carriers between the termini named, and that in such cases, public justice and commercial policy require a stringent construction against any intermediate irresponsibility. But the facts of that case clearly distinguish it from the one at bar,

wherein there is no through bill of lading; no evidence of association, arrangements or business connections for through transportation; nor proof of charging or collecting through freights. These are matters of fact to be established on the trial like any other fact in the case, and from which a through contract may be implied. The plaintiff asked the circuit court to instruct the jury that these facts were to be presumed. In this respect the charges asked for the plaintiff, and refused, were especially objectionable.

As already intimated, the rule in this country is, that a railroad company is not responsible for the nondelivery of freight beyond its own line, except by contract, express or implied.

The mere receipt of goods to be forwarded to a place beyond the terminus of the line of the first carrier is not evidence of a contract to carry and deliver at the place of destination. See cases cited herein.

The receipt in Nutting v. Conn. River R. R. Co., 1 Gray, 502, was in these words: "Received of E. Nutting, for transportation to New York, nine boxes planes, marked R. & F., 21 Platt St., N. Y.; four boxes planes and handles, marked G. T. Hewlett, 146 Bowery St., N. Y." Yet, it was held that a railroad company, receiving goods for transportation to a place, situated beyond the line of their road, on another railroad, which connects with theirs, but with the proprietors of which they have no connection in business, and taking pay for the transportation over their own road only, are not liable, in the absence of any special contract, for the loss of the goods after their delivery to the proprietor of the other railroad.

Counsel for the plaintiff frankly and fairly states the position of this case, and the law both in England and in this country. He says: "1. It is not contended that mere marks of direction to a destination beyond the terminus of the first carrier's line will make such first carrier liable for the loss of the goods beyond such terminus. 2. Neither, on the other hand, is it denied that such first carrier may so make his contract with the shipper as to

render himself liable for the loss of the goods at any point short of their final destination and delivery. 3. The question, therefore, arises in every case, what was the contract and undertaking?"

Again, he says: "1. A railroad carrier may lawfully make a contract to carry goods beyond the line of their own road. 2. The mere reception, by a railway carrier, of goods marked for a particular place beyond its route, does not, *ipso facto*, make such railway liable beyond its own route's terminus. This is especially the result of New York and Pennsylvania cases. The English rule is different. The English rule is followed in Central Railway *v.* Johnson, 34 Ill, 389. If the reasons of the English rule are stronger and more satisfactory this court might well adopt it in company with the Illinois court."

And, finally, counsel says: "All I contend is, that the first carrier may make a contract to carry to ultimate destination beyond his own line, and if he has clearly and unambiguously done so he is liable to the shipper. The question in this case is, did the defendant make such a contract with the plaintiff? If so, the court below erred; if not, it was correct. The contract is before this court for inspection and construction."

The case in 34 Ill. is shown to have been founded on a misapprehension of the true basis of the English rule. In the case at bar, the receipt is for the goods " to be forwarded," not to carry to and deliver at the place of destination marked thereon. The facts which counsel on the trial asked the court to charge the jury were to be presumed, were the very facts, according to all the authorities, to be established by evidence, and from which the jury might infer a contract to carry through. In the absence of those facts, or some of them, and upon the bare receipt, there was no contract beyond the defendant's own line. It would be preposterous to require defendant to negative those facts. They are not in the case until given in evidence. Upon the face of the receipt, the duty of defendant was complete, when the box was delivered to the connecting line, on the route to Birmingham, Ala. No presumption of a through contract arises on the receipt in this

case in the absence of evidence of charging and collecting through freight, or other business connections or arrangements with connecting lines. And when there is such evidence the presumption thence arising may be rebutted by proof that there is, in fact, no partnership, but only a mere agency for the convenience of business, which was known to the shipper or might have been learned on reasonable inquiry. Cases, *supra*. It is worthy of notice, that the receipt in the case at bar is, that the goods were "to be forwarded," while in 1 Gray, *supra*, the goods were received "for transportation," upon which terms a distinction might be drawn favorable to the conclusion reached herein.

The solution of this case is manifest upon an inspection of the authorities. 2 Red. on the Law of Railways, p. 99, § 162, sec. 12, title, "Responsibility for carriage beyond company's road," and cases cited therein; 1 Gray, 502; Van Santvoord *v.* St. John, 6 Hill, 157; Gray *v.* Jackson & Co., 51 N. H., 9; Root *v.* G. W. Railway Co., 45 N. Y., 524; 61 Penn., 81; 24 N. Y., 269; 34 Ill., 389; 49 N. Y., 616; id. 491; 45 id., 514.

Affirmed.