# Chicago & Alton Railroad Company for the Use of the Lake Erie & Western Railroad Company v. J. F. Hall.

1. COMMON CARRIERS—*Freight Charges—Connecting Lines.*—Where the initial carrier has received the amount of its charges from the connecting and final carrier the right of action to recover freights is assigned to the latter by operation of law, and an action therefore will not lie in the name of the initial carrier.

**Assumpsit**, for freight charges. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

A. E. DE MANGE, attorney for appellant.

ROWELL, NEVILLE & LINDLEY and WILL & WHITMER, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.
The appellant sued the appellee to recover the amount of certain freight tariff charges, for transporting five car loads

of cattle from Curryville, Missouri, to Bloomington, Illinois. It appears the cattle were consigned to Carlock, a station on the line of the Lake Erie & Western Railroad, and were transported by the Chicago & Alton Railroad Company from Curryville to Bloomington, where they were delivered to the Lake Erie & Western Railroad Company, which company paid the charges of the former company for the service rendered by it and then transported the cattle to the point of destination.

The case was tried by the court and judgment was for appellee on the ground that as the initial carrier had received the amount of its charges from the connecting and final carrier, the right of action therefor had been assigned to the latter by operation of law and that the action would not lie in the name of the initial carrier.

Relying upon the authority of Bissell v. Price, 16 Ill. 408, we are of opinion this ruling was correct and the judgment will therefore be affirmed.