[No. 10177.   Department Two.   June 20, 1912.]

PARKER-BELL LUMBER COMPANY, *Appellant*, v. GREAT
NORTHERN RAILWAY COMPANY, *Respondent*.[1]

CARRIERS—OF GOODS—CONNECTING CARRIERS—NEGLIGENCE—LIABIL-
ITY OF INITIAL CARRIERS—RESHIPMENTS.   Where a car load of
shingles was shipped over connecting lines to its destination in
Illinois, and from there, without notice to the initial carrier, re-
shipped over other lines to a new point of destination in New Jersey,
where it arrived in a damaged condition, the initial carrier's re-
sponsibility ended with the arrival of the shingles at the destina-
tion named in its bill of lading; and the fact that a connecting
carrier at St. Paul removed the shingles from a box car to an open
car without notice to the shipper, does not show negligence in for-
warding the shingles to their destination in Illinois, nor render the
initial carrier liable for damage by reason of reshipping in open
cars, in the absence of evidence that the shingles were damaged on
arrival at the first destination in Illinois.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered July 7, 1911, upon findings
in favor of the defendant, in an action in tort, after a trial
to the court.   Affirmed.

*Walter Metzenbaum* and *Walter Schaffner*, for appellant.
*F. V. Brown* and *F. G. Dorety*, for respondent.

MORRIS, J.—Action for damages to a shipment of shingles.
The facts, except the damage to the shingles, are all admitted,
and are as follows:   On September 10, 1907, appellant de-
livered to respondent a car load of shingles, for shipment
from Sisco, Washington, to Kankakee, Illinois.   Respondent
issued its bill of lading for the shingles, and routed them over
its own line of railway, and the lines of the Chicago, Burling-
ton & Quincy Railroad Company, Indiana, Illinois & Iowa
Railroad Company, and the Chicago, Indiana & Southern
Railroad Company, which lines form together a continuous
line of railway from Sisco, Washington, to Kankakee, Illinois.

[1]Reported in 124 Pac. 389.

The respondent carried the shingles in an ordinary box car to the Minnesota Transfer station, and there delivered them to the C. B. & Q. Railroad Company, which road without the knowledge of appellant transferred the shingles from the box car in which it had received them to two open gondola cars, and forwarded the cars over its own and connecting lines to Kankakee, Illinois. After the transfer of the shingles to the C. B. & Q. Railroad Company, and before the arrival of the cars at Kankakee, appellant sold the shingles to the W. L. Scott Lumber Company, Norwich, New York, which in turn sold them to Steenland Bros., Palisades Park, N. J., and the appellant, without notice to respondent, instructed the Chicago, Indiana & Southern Railroad Company, the final connecting carrier named in the bill of lading and over whose line the cars would arrive at Kankakee, to divert them to Palisades Park, N. J. The C. I. & S. Railroad Company, upon receiving such instructions from appellant, issued a new bill of lading, reciting the shipment of these two cars of shingles from appellant at Kankakee to Palisades Park, N. J., and forwarded them over a new line of connecting carriers to their destination. The shingles arrived at Palisades Park, November 14, where acceptance was refused by the consignee, claiming the shingles were wet and damaged. The shingles were held by the Erie Railroad Company, over whose line they arrived at Palisades Park, until August, pending a settlement of the claim of damage, when they were sold at public auction for $643.90. Appellant then brought this action, alleging the value of the shingles at $768.70, their arrival at Palisades Park in a condition wholly worthless, and demanding a recovery against respondent as the initial carrier. Having failed of recovery in the lower court, it appeals.

Upon these facts we fail to comprehend upon what theory appellant can recover against respondent. Under its bill of lading, respondent contracted to safely carry and deliver the shingles at Kankakee, Illinois. Respondent assumed no

other nor further obligation. There is no evidence in the case of, nor does appellant attempt to show, the arrival of the shingles at Kankakee in a damaged condition. Its whole theory of recovery is that respondent is the initial carrier, and hence liable for any damage to the shipment en route to its destination. If it should be so held, respondent's liability is coextensive with its undertaking, and that ended with the arrival of the shingles at the destination named in its bill of lading—Kankakee, Illinois. *Allen & Gilbert-Ramaker Co. v. Canadian Pac. R. Co.*, 42 Wash. 64, 84 Pac. 620. The liability of respondent as initial carrier could not be extended to include the shipment from Kankakee to Palisades Park, so as to render it answerable to appellant for any damage to the shingles upon this reshipment.

Appellant's argument is that, under the act regulating interstate commerce, ch. 3591, § 7, 34 U. S. Stats. 584, the initial carrier must issue a through bill of lading, and becomes liable to the shipper for all damages caused by any connecting line. It may be so conceded. This liability, however, cannot be extended beyond the contract evidenced by the bill of lading; and that is, to deliver the shipment at the place of destination therein named. Any damage to the shingles while en route from Kankakee, Illinois, to Palisades, N. J., under orders from appellant and without the knowledge of respondent, under a new bill of lading, cannot be recoverable against the initial carrier in the first bill of lading, whose contract and whose liability for damage, whether occurring upon its own line or that of any connecting line, cannot be extended beyond the destination fixed in the bill of lading. There must be some evidence of damage to these shingles at the time of their arrival at Kankakee, before there could be any recovery from respondent. The fact that the C. B. & Q. Railroad Company transferred the shingles from a box car to open gondola cars does not establish negligence, until there is some proof that such a method of shipment from Minnesota to Illinois points is of itself negligence. There

is no such evidence, nor any upon which such a contention can be based.   The C. B. & Q. Railroad Company had no knowledge of appellant's intention to reship the shingles from Kankakee to Palisades Park.   It might have believed that open cars for a shipment of shingles to Kankakee, Illinois, in September constituted a reasonably safe method of carriage.   It might not have so believed had it known the shingles were to be forwarded from Kankakee to Palisades, N. J., and subject while so en route to the inclement weather naturally to be anticipated before their arrival at Palisades Park in due course of carriage.   Neither could it be assumed that the Chicago, Indiana & Southern Railroad Company, when instructed to reship to Palisades Park, would forward in the same cars as received; any more than it could be assumed the latter road would follow the act of the C. B. & Q., and reload in its own cars for the further shipment.   There is no evidence upon any of these points, and we can find no liability without some tangible evidence to support it.   There is no need for further discussion, since with this view of the case a review of the evidence as to the damaged condition of the shingles is not necessary.   We are, however, not strongly impressed with this claim of damage, when it is shown that the shingles, worth $734.40 in September, 1907, sold at public auction in August, 1908, with prices fallen from $3.15 to $2.15 for clears and from $2.70 to $1.50 for stars, for $643.90.

Upon the facts as presented, we believe the court below announced the correct judgment, and the same is affirmed.

ELLIS, MOUNT, and FULLERTON, JJ., concur.