CHICAGO—FIRST DISTRICT—OCTOBER, 1917.    333

L. Starks Co. v. Michigan Central R. Co., 207 Ill. App. 333.

# L. Starks Company, Appellant, v. Michigan Central Railroad Company, Appellee.

## Gen. No. 23,070.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim is sufficient in action against initial interstate carrier for injury to goods.* In an action in the Municipal Court of Chicago under the Carmack Amendment to the Interstate Commerce Act against an initial carrier of an interstate shipment of produce, a statement of claim alleging that plaintiff delivered to defendant a car of produce to be transported from a certain point in one State to a certain city in another State for reconsignment, that afterwards plaintiff in the State of shipment reconsigned the produce while it was in the possession of defendant's agent, a connecting carrier; that it was defendant's duty to transport the produce to the place of destination and that it had negligently failed to do so, to plaintiff's loss, *held* sufficient.

2. CARRIERS, § 188*—*when initial carrier liable for failure to transport reconsigned interstate shipment to destination.* Where a reconsignment of an interstate shipment of goods is made while they are in possession of the initial carrier and before delivery to a connecting carrier, the liability of the initial carrier for failure to transport the goods safely to the destination as indicated by the reconsignment exists; and it is the established rule in cases of this sort that the second carrier is the agent of the initial carrier.

3. CARRIERS, § 188*—*when initial carrier is liable for injury to interstate reconsigned shipment under Carmack Amendment.* Under the Carmack Amendment to the Interstate Commerce Act, where a reconsignment of an interstate shipment of goods is made while they are in the possession of a connecting carrier in the State of shipment, the initial carrier is liable for the negligent injury to such goods before delivery at the point of destination as indicated by the reconsignment, where there is nothing in the bill of lading issued by defendant that the point of destination originally designated is to be the point of delivery, but the shipment is "for reconsignment," since the connecting carrier is the agent of the initial carrier.

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded with directions. Opinion filed October 2, 1917.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Elliott R. Goldsmith, A. W. Martin and Edward H. S. Martin, for appellant.

Winston, Payne, Strawn & Shaw, for appellee; Frank H. Towner, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Plaintiff, bringing suit under the Carmack Amendment to the Act to Regulate Commerce, to recover for alleged damages to a shipment of goods, was met by a motion to strike its statement of claim on the ground that it failed to state any cause of action against defendant. The trial court acted favorably upon this motion and, plaintiff standing by its statement, the suit was ordered dismissed. Plaintiff appeals to this court asserting the sufficiency of the claim.

By its statement of claim plaintiff alleged that at Mattawan, Michigan, it delivered to the defendant one car of potatoes of the value of $372.12, to be by the defendant safely transported for plaintiff for hire from Mattawan to Louisville, Kentucky, for reconsignment, and afterwards plaintiff, at Grand Rapids, Michigan, reconsigned said potatoes, and defendant, by its agent, the Chicago, Indianapolis & Louisville Railway Company, the carrier which then had said goods in its possession for delivery to plaintiff at said Louisville, as a part of the transportation aforesaid, contracted with the plaintiff for hire to safely transport said potatoes to New Orleans, Louisiana; that defendant was a common carrier for hire, operating lines of railroad and transporting goods for hire in interstate commerce, and in these dealings with the plaintiff it was acting as a common carrier in interstate commerce; that defendant, upon receiving the potatoes at Mattawan, issued and delivered a bill of

lading, which is set out in the statement of claim in full. It recites the receipt of the potatoes by the defendant in apparent good order, and the agreement to carry them to Louisville, Kentucky, "for reconsignment." It is alleged that afterwards, at the time of the reconsignment, the defendant, by its agent, the Chicago, Indianapolis & Louisville Railway Company, issued to plaintiff at Grand Rapids a bill of lading which recited that the latter company had received at Grand Rapids in apparent good order the car of potatoes and agreed to carry the same to destination, New Orleans. The bill of lading further recited that it was issued in exchange "for M. C. R. R. bill of lading, issued at Mattawan, Mich." It was further alleged that plaintiff surrendered to the defendant's agent, the Chicago, Indianapolis & Louisville Railway Company, the bill of lading first issued in exchange for the bill of lading secondly issued. It was alleged that under the statute it became the duty of the defendant to safely transport the potatoes from Mattawan to New Orleans in good order and condition, and that defendant failed to safely transport them, but acted negligently and without due and ordinary care for the safety of the potatoes, and that they thereby became damaged and destroyed to the extent of $313.42, and were delivered in New Orleans in this damaged condition. It was sought to recover this amount with interest. Plaintiff claimed other damages and expenses, and by its affidavit alleged the total amount of $600 to be due.

Properly read, the statement alleges that the reconsignment was made at Grand Rapids, Michigan, at the instance of the plaintiff by the Chicago, Indianapolis & Louisville Railway Company, the agent of the defendant, and while the goods were in the possession of the second carrier. Defendant's argument is predicated upon the assumption that the reconsignment was made at Louisville, the destination of de-

fendant's undertaking for carriage. From this is deduced the conclusion of a completed delivery. The argument is that defendant is liable for only such damage to the property as occurred prior to reconsignment at Louisville, and therefore, as the statement of claim does not allege that any damage occurred prior to this time, it states no cause of action against the defendant.

The cases cited in support of this are concerned with a completed contract of carriage by delivery, where it is held that after delivery a reconsignment or diversion at the instance of the plaintiff is a new contract imposing no obligations upon the original initial carrier. That is not this case. The reconsignment was made at Grand Rapids, which no one claims was the place of delivery. If the reconsignment had not taken place until after the arrival at Louisville, under circumstances which might be held to be a delivery, a more difficult question would be presented for consideration. However, we are not called upon to consider such a state of facts.

If the reconsignment had been made before the shipment reached Grand Rapids and while upon the tracks of the defendant company, there could be little, if any, doubt as to the liability of the defendant to transport it safely to New Orleans. It is the established rule in cases of this sort that the second carrier is the agent of the initial carrier. *Northern Pac. Ry. Co. v. Wall,* 241 U. S. 87.

Some meaning must be given to the words "for reconsignment" contained in the bill of lading issued by the defendant. Giving to them their most natural meaning, we should say that in connection with the entire contract they express the condition agreed to by the carrier, that Louisville was not fixed as the point of delivery, but that it should be such other point as might be designated by the shipper. These

words are written on the bill of lading not in connection with "Louisville, Ky.," or any other particular words, but in a line by themselves below the description of the articles shipped. Therefore, when the Chicago, Indianapolis & Louisville Railway Company, acting as the agent of the defendant company, contracted to carry the goods in compliance with the order of reconsignment to New Orleans, it was performing the condition assumed by its principal, the defendant. The contract under the reconsignment directions was in law the contract of the defendant, the initial carrier.

We see no reason to exclude such a transaction as this from the operation of the Carmack Amendment. It is reasonable to assume that this amendment was intended to cover such a case; otherwise, as contended in argument, a frequent and common manner of contracting with carriers would be wholly without the operation of the statute. Such a result is negatived by the language of the amendment, which in part is that "no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed."

We hold that under the Carmack Amendment the defendant was liable for any damages to the property which may be shown to have occurred during transporation from Mattawan, Michigan, to delivery at New Orleans, Louisiana; that the statement of claim sufficiently stated a good cause of action against the defendant, and that the trial court was in error in striking it from the files. The judgment of the Municipal Court will therefore be reversed and the cause remanded with directions to deny defendant's motion to strike the statement of claim, and for further proceedings.

*Reversed and remanded with directions.*