George W. Hartzell, Defendant in Error, v. Cincinnati, Hamilton & Dayton Railway Company, Plaintiff in Error.

Gen. No. 25,206.

1. ASSUMPSIT, § 81*—*when plea is demurrable.* Where a declaration contains the common counts, a plea filed thereto which purports to answer the entire declaration is properly held bad on demurrer where it fails to show a defense to the common counts.

2. CONTRACTS, § 163*—*what laws are part of contract.* All laws in existence when a contract is made necessarily enter into and form a part of it as fully as if they were expressly referred to or incorporated into its terms.

3. LIMITATION OF ACTIONS, § 11*—*when existence of statute does not convert action on written contract to one on unwritten contract.* Where an action is brought against the initial carrier engaged in interstate commerce to recover damages for defendant's breach of its agreement to carry safely and within a reasonable time in accordance with the bill of lading set up in the declaration, the provisions of section 20 of the "Carmack Amendment" enter into and form a part of such written contract, and the fact that the amended declaration not only alleges the execution of and sets up the bill of lading but further alleges that defendant became liable "by force of the statute" does not convert the action therein to an action on an unwritten contract arising out of the "Carmack Amendment" to which the statute of limitations applicable to unwritten agreements may be interposed, since the contract is not created by implication derived from the Carmack Amendment, but the latter merely enters into and forms a part of the interpretation of the written contract.

Error to the Circuit Court of Cook county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed July 14, 1920.

JAMES M. SHEEAN and CHARLES D. CLARK, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

GEORGE M. STEPHEN, A. W. MARTIN and EDWARD H. S. MARTIN, for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is a writ of error to review the record of a judgment entered upon the finding of the court. On February 23, 1912, plaintiff below, defendant in error, filed suit in assumpsit against plaintiff in error and six other common carriers, alleging that on or about March 28, 1907, the carriers were engaged in interstate commerce, and that on that date the defendant, Cincinnati, Hamilton & Dayton Railway Company, for the usual and legal rate of compensation, agreed to transport from Piqua in the State of Ohio, to San Francisco, in the State of California, safely and within a reasonable time, certain goods described in the bill of lading issued by the said defendant, which said bill of lading or contract was in writing and set up in the declaration *in hæc verba.*

This declaration further alleged that the other common carriers, defendants with lines of railroad, extending between the points named "adopted and ratified said contract as their own, and as their contract with the plaintiff." It also alleged the default of all the defendants in their promise to safely carry within a reasonable time, and to deliver the goods, etc. To this declaration plaintiff added the common counts, and the defendant, plaintiff in error here, filed the general issue. Later, by stipulation of the parties, the suit was dismissed as to all the defendants except plaintiff in error.

On January 24, 1913, the plaintiff filed an amended declaration which alleged that on the said 28th day of March, 1907, one Judson Harmon was the receiver of the Cincinnati, Hamilton & Dayton Railway Company, engaged in interstate commerce, etc.; that he made, executed and delivered the bill of lading or

contract in writing, which is, as in the original dec-
laration, set up *in hæc verba;* that he failed to keep
the contract to safely carry and deliver; that on the
19th day of August, 1909, the receiver was duly dis-
charged and defendant then resumed possession of
the property and promised to and assumed and agreed
to pay all the debts and liabilities created by the re-
ceiver; that by reason thereof ''by force of the stat-
ute in such case made and provided, the said defend-
ant railway company became liable to pay to the said
plaintiff the said sum of money, value of the property
aforesaid, together with a reasonable attorney's fee
to be fixed by the court in case of recovery.''   The
common counts were also attached.

To this amended declaration the defendant filed a
plea of the general issue and later, by leave of court,
certain special pleas, one of which set up that the
cause of action as stated in the amended declaration
was barred by the statute of limitations.   To this plea
the plaintiff filed a general demurrer, which was over-
ruled, and thereafter a replication thereto filed by
plaintiff.   April 18, 1918, the defendant, by leave of
court, filed an amended first additional plea, in which
it set up that the supposed causes of action in the
amended declaration alleged were other and different
causes of action than those alleged in the original
declaration filed February 25, 1912, and that they had
not accrued to the plaintiff at any time within 5 years
next before the commencement of suit thereon by the
filing of the amended declaration.   To this amended
first additional plea the plaintiff demurred.   The de-
murrer was sustained and defendant, electing to stand
by his plea, the cause was submitted to the court,
which found the issues for the plaintiff and his dam-
ages at $2,105.30, for which sum judgment was en-
tered, defendant's motion at the close of all the evi-
dence for a finding in its favor being overruled.

The error here assigned and argued is the action

of the court in sustaining plaintiff's demurrer to defendant's amended first additional plea to the plaintiff's amended declaration. The declaration, as amended, contained the common counts, and the plea filed April 18, 1918, purported to answer the entire declaration. This plea failed to show a defense to the common counts and was, therefore, properly held bad on demurrer. *Goodrich v. Reynolds, Wilder & Co.,* 31 Ill. 490; *People v. McCormack,* 68 Ill. 226; *Gebbie v. Mooney,* 121 Ill. 255. However, aside from this technical point, on which the judgment of the lower court must be affirmed, we think the merits of the case are with defendant in error. It is apparent that if the cause of action set forth in the amended declaration is upon a "written contract" within the meaning of section 16 of the Limitation Act (Hurd's Rev. St. 1917, p. 1889, J. & A. ¶ 7211), which provides for a 10-year limitation for actions therein described, then the demurrer to the additional plea which set up a 5-year limitation, applicable to actions on "unwritten contracts, express or implied," as provided by section 15, was properly sustained.

We understand plaintiff in error to contend that the cause of action as stated in the amended declaration is based on an "unwritten contract, express or implied"; that the liability of the defendant as therein stated arises out of a contract implied from the "Carmack Amendment" to the Interstate Commerce Act, which makes the initial carrier responsible for the delivery of a shipment at its destination, whether that destination is or is not on its line.

It is pointed out that the original declaration set up a specific contract by which defendant agreed "to carry to its usual place of delivery at said destination, if on its road, otherwise to deliver to another on the route to said destination," and alleging that the other carriers then named as defendants adopted and ratified this contract. On the other hand, the amended

declaration alleges the defendant became liable "by force of the statute in such case made and provided." Plaintiff in error therefore argues it is apparent the cause of action is other and different from that first stated, and is based on an unwritten contract, express or implied, arising out of the "Carmack Amendment" to which the 5-year limitation provided by section 15 is applicable.

While the contention is plausible we think it ignores the fundamental rule obtaining in the interpretation of contracts to the effect that: "All laws in existence when an agreement is made necessarily enter into and form a part of it as fully as if they were expressly referred to or incorporated into its terms." *Armour Packing Co. v. United States,* 153 Fed. 1, p. 19. This rule is, we think, peculiarly applicable to contracts between carriers and shippers in interstate commerce. If we thus incorporate the express provisions of the "Carmack Amendment," section 20 of the Act to regulate commerce, into the bill of lading, which here constitutes the written contract between the parties and which is set up *in hæc verba* in both the original and amended declarations, we think it must be interpreted as a written contract by defendant in error to carry to final destination over its own line, if possible, and, if not, then partly over the lines of its agents and subsequent carriers. *Northern Pac. Ry. Co. v. Wall,* 241 U. S. 87; *Illinois Cent. R. Co. v. Johnson,* 34 Ill. 389; *Coats v. Chicago, R. I. & P. Ry. Co.,* 134 Ill. App. 217; *Shafton Co. v. St. Louis, I. M. & S. Ry. Co.,* 174 Ill. App. 121; *L. Starks Co. v. Michigan Cent. R. Co.,* 207 Ill. App. 333.

The contract here is not created by an implication derived from the statute. The statute enters into the interpretation of the contract, created in writing by the voluntary acts of the parties to it. The allegation of the declaration as amended that the defendant became liable "by force of the statute" is, therefore, sur-

plusage. The precise point is not decided by any authorities cited. There is language in *Illinois Cent. R. Co. v. Miller*, 32 Ill. App. 259, which would seem to sustain the contention of plaintiff in error, but it was unnecessary to the decision of the case, and must be regarded as mere *dicta*. That case relies on *Plumb v. Campbell*, 129 Ill. 101, where the court said:

"If it be true that the agreement, as set forth in writing, is so indefinite as to necessitate resort to parol testimony to make it complete, the law is, that in applying the statute of limitations, it must be treated as an oral contract. Both reason and authority support this view."

If we apply this rule here it is apparent, we think, that the bill of lading, as interpreted in view of the "Carmack Amendment," would not necessitate oral evidence to establish its terms. On principle, we can see no more reason why the interpretation of this bill of lading in the light of the "Carmack Amendment" should convert the written contract into an oral one, than the interpretation of a promissory note or other writings, in the light of the statutes existing at the time of their execution, with reference to the payment of interest thereon, would convert such written contracts into oral ones. *Matthias v. Cook*, 31 Ill. 83; *Heissler v. Stose*, 131 Ill. 393; *Dick. Co. v. Sherwood Letter File Co.*, 157 Ill. 325.

The judgment will be affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE BARNES and MR. JUSTICE GRIDLEY concur.