**Pennsylvania Railroad Company, Appellee, v. William R. Cunningham, Appellant.**

1. APPEAL AND ERROR—*matters reviewable on appeal from judgment rendered without trial to jury.* Where, upon a trial before the court without a jury, neither party asked the court to pass upon any propositions of law and no error was assigned as to rulings in the admission and exclusion of evidence, it was the duty of the Appellate Court to decide the case on the law and the evidence, but no questions of law were saved for consideration of the Supreme Court.

2. CARRIERS—*limitation applicable to action by terminal carrier against shipper to recover freight and demurrage.* Under the decisions of the federal courts the bill of lading issued by the initial carrier is to be considered, under the provisions of the Carmack Amendment, as the bill of lading of the connecting carrier, and as fixing not only the obligations of all participating carriers but also the rights and obligations of all parties to the contract, and therefore, in an action by a terminal carrier for freight and demurrage, the bill of lading issued by the initial carrier was a written contract and not controlled by the 5-year statute of limitations.

3. CARRIERS—*right of terminal carrier to bring action in own name against shipper to recover freight and demurrage.* An action by a terminal carrier for freight and demurrage, based upon the bill of lading issued by the initial carrier, was properly brought in the name of such terminal carrier without complying with the provisions of section 18 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 18), relating to actions by assignees of choses in action, etc.

4. CARRIERS—*failure to post tariff as defense in action against shipper to recover freight and demurrage.* In an action by a ter-

minal carrier for freight and demurrage, the contention that plaintiff had failed to comply with the rules of the Interstate Commerce Commission with reference to posting the tariff in the depots was without merit under the ruling of the United States Supreme Court.

Appeal from the Circuit Court of Jasper county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed March 24, 1922.

ALBERT E. ISLEY, for appellant.

KASSERMAN & KASSERMAN, for appellee; HENRY WOLF BIKLE, JOHN G. DRENNAN and E. A. SMITH, of counsel.

MR. JUSTICE BARRY delivered the opinion of the court.

In April, 1910, appellant delivered four carloads of hay to the Baltimore & Ohio Southwestern Railroad Company, at Cisne, Illinois, to be transported to Altoona, Pennsylvania, and which were consigned to himself. The initial carrier issued and delivered to appellant a bill of lading for each car, which was signed by him. The cars were routed via Cincinnati, Ohio, and there delivered to and carried by appellee to the place of destination. Appellant failed to pay the freight and demurrage and this suit was brought in 1919 by appellee to recover the same. Upon a trial before the court without a jury, appellee recovered a judgment for $380, from which appellant has perfected an appeal to this court.

The declaration counts on the bills of lading, each of which contains a provision that: "The owner or consignee shall pay the freight and all other lawful charges accruing on said property, and if required shall pay the same before delivery." Appellant filed the general issue and also pleaded the 5-year statute of limitations. To the special plea appellee simply replied that the causes of action accrued under the written contracts within 10 years prior to the com-

mencement of the suit. Both parties treated the replication as if it presented an issue on the plea and went to trial without objection. Neither party asked the court to pass upon any proposition of law, and no error is assigned as to the rulings of the court in the admission or exclusion of evidence.

In the state of the record, it is our duty to decide the case on the law and the evidence, but the parties have not saved any question of law for the consideration of the Supreme Court. *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.,* 300 Ill. 162. The principal question involved is as to whether the cause of action is barred by the 5-year statute of limitations.

As between the shipper and the initial carrier, a bill of lading is a contract in writing and a suit thereon is not barred in 5 years. *Illinois Cent. R. Co. v. Johnson,* 34 Ill. 389; *Coats v. Chicago, R. I. & P. Ry. Co.,* 134 Ill. App. 217; *Hartzell v. Cincinnati, H. & D. Ry. Co.,* 218 Ill. App. 553-557. Is it a written contract as to the initial carrier, but a parol contract as to the terminal carrier?

The bills of lading were issued pursuant to the requirements of the Carmack Amendment. In *Georgia, F. & A. Ry. Co. v. Blish Milling Co.,* 241 U. S. 190, 36 Sup. Ct. 541, the court held that a terminal carrier is not relieved from liability by that act, but that the bill of lading required to be issued by the initial carrier upon an interstate shipment governs the entire transportation, and fixes the obligation of all participating carriers to the extent that the terms of the bill of lading are applicable and valid.

In speaking of that case our Supreme Court said: "The effect of the holding is, that if in such a shipment a connecting carrier is sued, the rights and remedy of the shipper are to be determined under the Federal laws existing prior to the enactment of the Carmack Amendment, but the bill of lading issued by the initial carrier is to be considered, under the pro-

visions of the Carmack Amendment, as the bill of lading of the connecting carrier, and therefore binding in all of its provisions that are valid and applicable to that suit." *Pennington v. Grand Trunk Western Ry. Co.*, 277 Ill. 39-44.

The United States Circuit Court of Appeals says that it was distinctly adjudged by the Supreme Court in the *Blish Milling Co.* case, *supra*, that such a bill of lading governs the entire transportation and fixes not only the obligations of all participating carriers, but also the rights and obligations of all parties to the contract, none of whom can ignore or waive its terms, the construction of which contract and the determination of all rights and obligations arising thereunder being a federal question. *New York Cent. Ry. Co. v. Mutual Orange Distributors*, 251 Fed. 230.

In the *Blish Milling Co.* case, *supra*, the action was by the shipper against the terminal carrier, which relied upon a provision of the bill of lading issued by the initial carrier, and the court said that the provision was not to be considered in one way with respect. to the initial carrier and in another with respect to the terminal carrier.

In the *Mutual Orange Distributors* case, *supra*, the action was by the terminal carrier against the shipper to collect the freight charges, as in the case at bar, and the plaintiff was allowed the benefit of a provision of the bill of lading issued by the initial carrier to the effect that the shipper should pay the freight and other lawful charges.

In construing a federal statute a State court is bound by the construction thereof by the federal courts. *Luken v. Lake Shore & M. S. Ry. Co.*, 248 Ill. 377.

It is our opinion that, under the decisions of the federal courts above cited, the bills of lading in question are written contracts as between the parties to this suit and are not controlled by the 5-year statute of limitations.

It is argued that appellee could not maintain the suit in its own name without complying with section 18 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 18), but there is no force in that contention. The suit could not have been brought in the name of the initial carrier for the use of appellee. *Chicago & A. R. Co. v. Hall*, 69 Ill. App. 497. While the point does not seem to have been raised, the Supreme Court recognizes the rights of the terminal carrier to recover freight charges from the shipper in its own name without complying with section 18 of the Practice Act. *New York Cent. Ry. Co. v. Philadelphia & R. Coal & Iron Co.*, 286 Ill. 267.

And in a similar suit where it was contended that the terminal carrier could not recover freight charges from the shipper under the terms of a bill of lading to which it was not a party, the contention was overruled. *New York. Cent. Ry. Co. v. Mutual Orange Distributors*, 251 Fed. 230.

The contention that appellee had failed to comply with the rules of the Interstate Commerce Commission with reference to posting the tariff in its depots is without merit. *Texas & Pac. Ry. Co. v. Cisco Oil Mill*, 204 U. S. 449.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*